INT THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LARRY KLAYMAN,<br>5779 Rolling Road<br>Woodland Hills, CA 91367<br><br>Plaintiff<br><br>-vs-<br><br>THE HONORABLE DAVID MILLS<br>Cuyahoga County Courthouse<br>One W. Lakeside Ave. Rm: 160<br>Cleveland, OH 44113<br><br>THE HONORABLE ANTHONY RUSSO<br>Cuyahoga County Courthouse<br>One W. Lakeside Ave. Rm: 252<br>Cleveland, OH 44113 | 1:09CV1459<br><br>CASE NO._____<br><br>JUDGE GAUGHAN<br>JUDGE_____<br><br>MAG. JUDGE PERELMAN<br><br>COMPLAINT FOR<br>EQUITABLE AND<br>LEGAL RELIEF |

Plaintiff, LARRY KLAYMAN, brings the following complaint against Defendants THE HONORABLE DAVID MILLS and THE HONORABLE ANTHONY RUSSO and alleges:

1. Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C.1332 and the Fifth, Sixth, Fourth and Fourteenth Amendments to the U.S. Constitution.

2. This is an action for declaratory judgment pursuant to 28 U.S.C.A. 2201, for the purpose of determining a question of actual and justiciable controversy between the parties, as more fully appears below.

3. The Court has jurisdiction as well under 28 U.S.C. 2283 and 28 U.S.C. 1651 because the acts of the Defendants are a direct attempt to curtail the jurisdiction of this Court, and the amount in controversy exceeds $75,000.00 USD.

4. Plaintiff, LARRY KLAYMAN, resides at 5779 Rolling Road, Woodland Hills, CA 91367.

5. Defendant, THE HONORABLE DAVID MILLS (hereafter "the Magistrate"), is family law magistrate practicing at Cuyahoga County Courthouse, 1 W. Lakeside Ave. Room: 160, Cleveland, OH 44113.

6. Defendant, THE HONORABLE ANTHONY RUSSO (hereafter "the Judge") is family court judge practicing at Cuyahoga County Courthouse, 1 W. Lakeside Ave. Room: 252, Cleveland, OH 44113.

7. In a children custody action styled: <u>Larry Elliot Klayman v. Stephanie Ann Luck</u> Trial Court Case No.: DR 07 316840, the Magistrate and Judge have not taken any action for nearly two years to enforce the marital agreement which requires visitation and telephone contact by Plaintiff with his children, Isabelle and Lance Klayman, now ages 11 and 9 respectively, despite repeated requests by Plaintiff. Enforcement of these provisions of the marital agreement did not require a final hearing; just enforcement of a preexisting court order that had been in effect for many years before this custody action was filed when Petitioner was cut off from his children shortly after he remarried. During this period much damage has been done to harm Plaintiff's relationships with his children. Plaintiff was thus denied due process and equal protection rights under Articles V and XIV of the Constitution.

8. After Plaintiff filed for custody, not coincidentally Plaintiff was falsely accused of sexually abusing his children as a pretext to prevent visitation and phone contact. Even when Plaintiff was cleared of these false charges by the Cleveland Department of Children and Families and the District Attorney's Office - which conducted lengthy investigations - the Magistrate and Judge still refused to take any action to require the enforcement of the visitation and telephone contact provisions of the marital agreement. To the contrary, the Magistrate and Judge entered an illegal order enjoining litigation in another state, Florida, or for that matter in any court, including this federal court, where they have no jurisdiction, brought for abuse of process and other causes of action for the false charges of sexual abuse. This patently illegal and judicially unethical action, usurping the jurisdiction of the State of Florida, this court and all courts, state and federal, evidences the extreme extra judicial bias and prejudice these jurists harbor against Petitioner which caused them and continues to cause them to violate Plaintiff's Constitutional rights as alleged herein. Plaintiff has not even been allowed to assert his legitimate legal rights by filing suit in this federal court without fear of being held in contempt for violation of an illegal court order. Plaintiff is out of state and not a Clevelander, nor a "member" of the close-knit if not incestuous Cleveland family bar – well know for its substandard ethics and corruption as widely reported in the "Plain Dealer", in court precedent and elsewhere -- and the actions of these jurists create more the appearance of illegal acts in violation of Plaintiff's Constitutional rights under Articles V, XIV, IV and VI of the Constitution.

9. In addition, just days before the original trial date, Petitioner, who initially appeared pro se and then retained outside counsel to assist him, as he was facing a mega firm, Baker & Hostetler, which is very influential in Cleveland and which raises substantial money and engages in other activities to elect and appoint family court and state judges and magistrates - at a minimum - was removed by the family court as trial counsel for purpose of participating as co-counsel at the trial, in violation of his Sixth Amendment and other constitutional rights, despite the hard fact that the Baker firm had several lawyers working on and litigating the case.

10. In violation of due process, equal protection and right to counsel rights under Articles V, XIV and VI of the Constitution, the Magistrate has also refused to allow Plaintiff to have a psychological expert to evaluate the Respondent and the children, on the false pretext that his initial report was late. However, so too was the report of the Respondent's psychological expert (which still has not been finalized), but the Magistrate allowed Respondent to have her expert as a witness. And, despite a later stipulation between counsel agreeing to allow for Plaintiff's psychological expert, Respondent has refused to cooperate with him and he has not been able to do his evaluation. This amounts to a complete denial of due process, equal protection and other rights.

11. The Magistrate Judge and Judge have also improperly ordered discovery which has nothing to do with the issues of this case, such as all of Plaintiff's and entities he has worked with's financial information, no matter how minute and inconsequential but voluminous. This violated Plaintiff's rights to privacy, and

constitutes an unreasonable search and seizure under the Constitution under the Fourth and Fourteenth Amendments. To the contrary, the Magistrate and Judge effectively sought to overturn an order by an Alabama court quashing an illegally issued subpoena, done ex parte without proper notice to Plaintiff, which also violated the Tenth Amendment, in that this order usurps the jurisdiction of the states.

12. Respondent's counsel has repeatedly lied to this court, telling it that the Cleveland Department of Children and Families recommended that Plaintiff not see his children. When this proved to be false and testamentary evidence was presented to this court, the court ignored it, refused to even criticize counsel for Respondent for the false statements, and continued to take no action to allow Plaintiff to see and talk with his children. This denied plaintiff his Fifth Amendment rights under the Constitution.

13. Plaintiff has filed judicial ethics complaints against both the Magistrate and Judge for their improper and unethical actions, which the Ohio Supreme Court has represented will proceed at the appropriate time.

14. Plaintiff, despite his being co-counsel, has been denied Fifth Amendment, Fourteenth Amendment and Sixth Amendment rights by being excluded from court conferences and hearings, as well as the direct receipt of pleadings in the custody case. This has resulted in significant damage and prejudice to Plaintiff, and just recently the trial of this cause was set without timely and proper notice to Plaintiff, during a period of his unavailability and a period when key witness were unavailable due to the run up to the July 4 holiday. The trial was set for June 29-

July 2, with proper notice to Plaintiff, in violation of his due process, equal protection rights and right to counsel under the Fifth and Fourteenth and Sixth Amendments to the Constitution.

15. During the last three years, Plaintiff children have been told by Respondent in the custody case that Petitioner intends to kidnap them to Florida, gifts and holiday cards have been withheld from the children, Petitioner's religion has been disparaged (As a Jew, Daddy is not going to heaven), Stars of David confiscated, children's' cell phones confiscated, and other severe acts of alienation. This court has done nothing to stop this, despite repeated requests, and this too amounts to a denial of due process and equal protection under the Fifth and Fourteenth Amendments to the Constitution.

16. On Friday, June 19, 2009, Plaintiff was excluded again from a conference called by the Magistrate without notice to Plaintiff and he thus has no idea what occurred behind closed doors. There is no order excluding Plaintiff from appearing as counsel pro se or as party in pre-trial conferences. This is a further example of the bias and prejudice at issue and the denial of due process and equal protection rights under the Fifth, Fourteenth and Sixth Amendments to the Constitution.

## PRAYOR FOR RELIEF

Plaintiff prays:

    a. That, as a result of the denial of the Constitutional rights of Plaintiff under the Fifth, Fourteenth and Sixth Amendments, in addition to rights of privacy under the Fifth and Fourth Amendments to the Constitution, that

      the Defendant Magistrate and the Judge be temporarily, preliminarily and permanently enjoined from continuing to preside over the abovementioned custody case, all of their prior orders vacated, in order that new jurists may be assigned by the Cuyahoga family court to the custody case and that appropriate declaratory relief issue.

b.    That Defendants, the Magistrate's and Judge's order enjoining Plaintiff from proceeding to file collateral cases concerning the custody case in this and other courts, federal and state, is hereby ruled null and void and vacated.

c.    That Plaintiff may participate in the custody case as co-counsel pro se and participate in all court conferences, file pleadings and be served with pleadings.

d.    Award monetary damages against each Defendant, jointly and severally, in an amount to be determined by this court at trial.

e.    Granting attorneys fees and costs and such other relief as this court may deem just and proper.

Plaintiff demands trial by jury of all claims so triable.

Date: June 25, 2009

*/s/ Larry Klayman*
Larry Klayman,
5779 Rolling Rd.
Woodland Hills, CA 91367
Tel: 310-595-0800
Pro Se

7